IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KHAMANI LODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-015 |
| | ) | |
| RICK HALE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The following motions are before the Court: Plaintiff's motion for mediation, (doc. no. 3); Plaintiff's motion for writ of mandamus and show cause hearing, (doc. no. 4); Plaintiff's *ex-parte* motion for the court to take supervisory control of the Burke County Magistrate Court, (doc. no. 7); Plaintiff's motion for temporary injunction, (doc. no. 8); Defendants Rick Hale, Katrana Luellen, and Toya Stevenson's motion to dismiss, (doc. no. 12); Plaintiff's motion to substitute service of process, (doc. no. 16); Plaintiff's motion to declare qualified immunity unconstitutional, (doc. no. 18); Defendant Chris Carr's motion to dismiss, (doc. no. 20); Defendant Chris Carr's motion to stay discovery, (doc. no. 22); Defendant Alfonso Williams' motion to dismiss, (doc. no. 24); Plaintiff's motion for summary judgment against Defendants Alfonso Williams, Judge Ashley Moore, Jr., and Sandra DeShazier, (doc. nos. 28, 29); Defendant Sandra DeShazier's motion to dismiss (doc. no. 31); Plaintiff's motion to strike Defendants Chris Carr, Rick Hale, Katrana Luellen, and Toya Stevenson's motions to dismiss, (doc. no. 32); Plaintiff's motions for default judgment, summary judgment, and to deny motion

to dismiss against Defendants Rick Hale, Katrana Luellen, and Toya Stevenson, (doc. no. 33); Plaintiff's motion to strike Defendant Sandra Allen's response, (doc. no. 40); Plaintiff's motion for default judgment and directed verdict against Defendant Sandra Allen, (doc. no. 41); and Defendant Sandra Allen's motion to dismiss, (doc. no. 45). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** with prejudice, and this civil action be **CLOSED**.

## I.     BACKGROUND

On October 10, 2018, Plaintiff filed a complaint in this Court in Lodge v. Brown, No. CV 118-182, doc. no. 1 (S.D. Ga. Mar. 12, 2020) (hereinafter "CV 118-182"). On September 27, 2019, the Court struck Plaintiff's complaint as an impermissible shotgun pleading and required Plaintiff to replead his allegations in an amended complaint. Id. at doc. no. 38. On March 12, 2020, upon Plaintiff's failure to provide an amended complaint, the Court dismissed CV 118-182 without prejudice. Id. at doc. no. 46.

On October 22, 2020, Plaintiff filed the instant five-page complaint, in the Brunswick Division of the Southern District of Georgia, with more than one-hundred and twenty pages of exhibits attached, naming eleven Defendants. The complaint raises a litany of unrelated issues, in which Plaintiff appears to replead the claims made in CV 118-182. On February 3, 2020, United States District Judge Lisa G. Wood found venue improper in the Brunswick Division and transferred the case to the Augusta Division. (Doc. no. 38, p. 3.)

2

## II. DISCUSSION

Defendants Rick Hale, Katrana Luellen, Toya Stevenson, Chris Carr, Alfonso Williams, Sandra DeShazier, and Sandra Allen move to dismiss the complaint as a shotgun pleading. (Doc. nos. 12, 20, 24, 31, 45.) Plaintiff's complaint is the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure."). The complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-1324 (11th Cir. 2015). Further the complaint is replete with "conclusory, vague and immaterial facts not obviously connected" to the particular causes of action. Id. at 1321. Such complaints "waste judicial resources, inexorably broaden[] the scope of discovery, wreak havoc on appellate court dockets, and undermine[] the public's respect for the courts." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations and internal quotations omitted).

3

The Eleventh Circuit instructs that when a party files a shotgun pleading, the court should strike the pleading and direct that a new complaint be filed. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) (citations omitted). "This is so even when the other party does not move to strike the pleading. Implicit in such a repleading order is the 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" Id. (citations omitted).

Plaintiff was put on notice of the deficiencies resulting from a shotgun pleading in CV 118-182, and the Court provided Plaintiff a chance to file an amended complaint. CV 118-182, doc. no. 38. When Plaintiff failed to file an amended complaint, the Court dismissed CV 118-182 without prejudice. Id., doc. no. 46. Plaintiff filed the present case with an equally deficient shotgun complaint. (Doc. no. 1.) Defendants' motions to dismiss further alerted Plaintiff of the continued deficiencies in his complaint. However, rather than amending his complaint, Plaintiff responded with numerous pages containing additional vague and conclusory statements. (Doc. nos. 20, 24, 27, 31, 45.)

In light of Plaintiff's opportunities to replead a permissible complaint and his failure to do so, Plaintiff's complaint should be dismissed with prejudice under Rule 8 of the Federal Rules of Civil Procedure. See McDonough v. City of Homestead, 771 F. App'x 952 (11th Cir. 2019) (affirming dismissal of refiled suit for failing to fix complaint deficiencies despite notice in first suit); Vibe Micro, 878 F.3d at 1296 (stating that "after that one opportunity to replead

comes and goes ... the district court [may] dismiss with prejudice if the party has still neither filed a complaint pleading nor asked for leave to amend" (citations omitted)).

In sum, Plaintiff's complaint is an impermissible shotgun pleading. Although Plaintiff is proceeding *pro se*, once he is in federal court, he must follow the applicable rules. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); see also Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'").

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**:

(1) Defendants Rick Hale, Katrana Luellen, Toya Stevenson, Chris Carr, Aflonso Williams, Sandra Deshazier, and Sandra Allen's motions to dismiss, (doc. nos. 12, 20, 24, 31, 45), be **GRANTED IN PART** as to dismissal of Plaintiff's complaint as an improper shotgun pleading, and the remainder be **DENIED AS MOOT**.

(2) Defendant Chris Carr's motion to stay discovery, (doc. no. 22), be **DENIED AS MOOT**.

(3) Plaintiff's motion for mediation, (doc. no. 3), be **DENIED AS MOOT**.

(4) Plaintiff's motion for writ of mandamus and for show of cause hearing, (doc. no. 4), be **DENIED AS MOOT**.

(5) Plaintiff's ex-parte motion for the court to take supervisory control of the Burke County Magistrate Court, (doc. no. 7), be **DENIED AS MOOT**.

(6) Plaintiff's motion for temporary injunction, (doc. no. 8), be **DENIED AS MOOT**.

(7) Plaintiff's motion to substitute service of process, (doc. no. 16), be **DENIED AS MOOT**.

(8) Plaintiff's motion to declare qualified immunity unconstitutional, (doc. no. 18), is **DENIED AS MOOT**.

(9) Plaintiff's motion for summary judgment against Defendant Alfonso Williams, Judge Ashley Moore, Jr., and Sandra DeShazier, (doc. nos. 28, 29), be **DENIED AS MOOT**.);

(10) Plaintiff's motion to strike Defendants Carr, Rick Hale, Katrana Luellen, and Toya Stevenson's motions to dismiss, (doc. no. 32), be **DENIED AS MOOT**.

(11) Plaintiff's motions for default judgment, summary judgment, and to deny motion to dismiss against Defendants Rick Hale, Katrana Luellen, and Toya Stevenson, (doc. no. 33), be **DENIED AS MOOT**.

(12) Plaintiff's motion to strike Defendant Sandra Allen's response, (doc. no. 40), be **DENIED AS MOOT**.

(13) Plaintiff's motion for default judgment and directed verdict against Defendant Sandra Allen, (doc. no. 41), be **DENIED AS MOOT**.

(14) Plaintiff's complaint be **DISMISSED** with prejudice, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 17th day of March, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA